### Kelsey and wife *against* Parmelee and others.

A warrant, issued by a justice of the peace, on the complaint of an executor or administrator, against a person having in his possession, and refusing to deliver up, effects belonging to the testator's or intestate's estate, may be directed for service to an indifferent person.

THIS was an action of trespass for the arrest and imprisonment of the plaintiffs.

The defendants pleaded, that *Charles Parker*, being duly appointed, by the court of probate for the district of *Wallingford* in *New-Haven* county, administrator on the estate of *Chauncey Parker*, on the 6th of *April*, 1841, made complaint, as such administrator, to the defendant, *Lyman Parker*, a justice of the peace for the county of *New-Haven*, charging the present plaintiffs with having in their possession and custody, sundry goods and chattels of the deceased, and refusing to deliver them, on demand ; praying for a warrant to bring them before said court of probate, to answer thereto, according to the provisions of the statute : that said *Charles Parker* having subscribed said complaint, and made oath to the matters therein stated, said *Lyman Parker*, as justice of the peace, thereupon issued his warrant, directed to *Leander Parmelee*, one of the defendants, as an indifferent person, to serve and return, directing him to arrest the plaintiffs, and bring them before said court of probate : and that said *Parmelee*, by virtue of such warrant, did, on the 7th of *April* 1841, arrest the plaintiffs peaceably, and without the exercise of any actual force or violence whatever, to which arrest the plaintiffs submitted, and accompanied said *Parmelee* to *Wallingford*, and there appeared before said justice *Parker*, where they were detained in custody of said *Parmelee*, by virtue of said warrant, for a short time, until they became bound in a recognizance, with surety, that they should appear before the court of probate, to be holden at *Wallingford*, on the 22nd of *April* 1841, to be examined, on oath, concerning the matters complained of ; which is the same arrest and imprisonment alleged in the declaration. To this plea the defendants demurred. The case was thereupon reserved for the advice of this court.

*Ingham* and *Chapman*, in support of the demurrer, after remarking, that the objection to the validity of this process, is, that it was no otherwise directed for service, than to *Parmelee*, one of the defendants, as an indifferent person, and without the oath required by law in civil actions, contended, 1. That though the process is summary, yet the proceeding is, in its nature, civil, and not criminal. The object of it is mere-

*Middlesex,*
*July, 1842.*

Kelsey
*v.*
Parmelee.

ly to provide a remedy for the violation of a civil right, by enabling the court of probate to obtain possession of the property belonging to a deceased person's estate. This is in close analogy to the power of a court of chancery, to compel a discovery, and the production of books and papers. 1 *Mad. Chan.* 160. & seq. *Isham* v. *Gilbert,* 3 *Conn. Rep.* 166. *Beach* v. *Hotchkiss,* 9 *Conn. Rep.* 198. A refusal to deliver the property demanded, is not a *crime.* It may as well be said, that every case of trover and conversion is a crime ; or that an action of trespass *de bonis asportatis,* is a criminal prosecution. The term *crime* comprehends only those acts, which subject the offender to punishment. The statute on which this proceeding is founded, does not make a refusal to deliver the property, a crime. *Stat.* 230. *tit.* 31. *c.* 1. *s.* 16. (ed. 1838.) It affixes no penalty; it imposes no punishment. The party may be bound to appear before the next court of probate ; but that court has no criminal jurisdiction.

2. That the process being civil, it was void for want of a legal direction. Process in this state, whether civil or criminal, is entirely a creature of statutory regulation. It is unknown to the common law ; and all requisites of the statute must, therefore, be strictly complied with. This is a civil process—by attachment—in a civil case—directed to an indifferent person, without complying with any of the conditions on which such direction is authorised. *Stat.* 42. *tit.* 2. *c.* 1. *s.* 2. Our law knows no such proceeding. It is as though no direction whatever was given ; and is, therefore, void. *Case* v. *Humphrey,* 6 *Conn. Rep.* 130. *Grumon* v. *Raymond,* 1 *Conn. Rep.* 40. *Starr* v. *Lyon* & al. 5 *Conn. Rep.* 538. *Hall* v. *Howd,* 10 *Conn. Rep.* 514. *Allen* v. *Gray* & al. 11 *Conn. Rep.* 96. *Prince* v. *Thomas,* 11 *Conn. Rep.* 472. *Campbell* v. *Chambers* & al. *Litchfield* county, *August* term, 1841, cor. *Sherman,* J.

*Baldwin* and *Barnes,* contra, insisted, That the warrant, which issued for the arrest of the plaintiffs, as offenders, under the statute, for concealing the goods of a deceased person, was properly directed, by the justice, to an indifferent person.

In the first place, by the common law, a warrant may be so directed. *Hale's Hist. P. C.* 581. 1 *Chitt. Cr. L.* 47.

*Middlesex,*
*July, 1842.*

Kelsey
*v.*
Parmelee.

4 *Bla. Com.* 290.    2 *Sw. Dig.* 392.    1 *Salk.* 176.    1 *Ld. Raym.* 66.

Secondly, the statute on which this prosecution is founded, as originally enacted in 1699, provided, that the justice might issue a warrant " to some fit person" to apprehend the offender. *Stat.* 59, 60. (ed. 1702.)    Though the phraseology has since been varied, the law remains substantially as it was when first enacted.

Thirdly, the warrant in this case was legally directed to an indifferent person, by virtue of the 134th sect. of the statute concerning crimes and punishments.    *Stat.* 175. (ed. 1838.)

Fourthly, no statute *prohibits* a justice from directing a warrant to an indifferent person.    The prohibition in the act regulating civil actions (*c.* 1. *s.* 2.) has reference only to writs of attachment and summons in civil suits.    It was originally enacted in *October* 1804, after the provisions on which this proceeding is founded, had been in force more than a century, and obviously without any intention of repealing or changing those provisions.    See *Stat.* 425. (ed. 1808.)

Fifthly, whether the acts complained of constituted a *crime*, technically speaking, or not, they were " an offence," and the plaintiffs were " offenders ;" and they were to be proceeded against as offenders, and not as defendants in a civil action.

WILLIAMS, Ch. J.    The question arising on the demurrer to the defendants' plea, is, whether the justice might direct his warrant to an indifferent person, by name, as in criminal cases.    If he might, it is not claimed, that the plaintiffs can recover ; if he could not, the defendants' plea is clearly insufficient.

By statute, it is made the duty of sheriffs and constables, to execute all lawful writs, processes and warrants, directed to them.    By another statute, every justice of the peace has authority to issue process, to be served in any part of the state, to apprehend and bring before him any person against whom complaint is made, for any *criminal offence,* for which he ought to be brought before said justice, for trial or examination ; and may, in like manner, grant a summons or *capias* for witnesses, in such case.    And such justice of the peace, in all criminal prosecutions, shall have power to issue process, directed to *any indifferent person,* to be served in any part of

the state, to apprehend and bring before him, any person against whom a complaint is made for a crime ; and in like manner, to grant a summons or *capias* for witnesses; and such indifferent person shall have lawful authority to execute the same. *Stat.* 175. *tit.* 20. *c.* 1. *s.* 134. (ed. 1838.)

There is also another statute, regulating civil process, which provides, that no writ of attachment or summons shall be directed to an indifferent person, unless there are more than one defendant, described as of different counties, except an oath is taken that the plaintiff is in danger of losing the debt, damages or other thing demanded. *Stat.* 42. *tit.* 2. *c.* 1. *s.* 2. (ed. 1838.)

The plaintiffs claim, that the process under which they were held, was a *civil* process, and was therefore void, as no such oath was taken. The defendants, on the other hand, claim, that the process was not only in form *criminal* process, but was issued against the plaintiffs for a *criminal offence ;* and was, therefore, strictly within the powers conferred by the former statute.

The statute upon which the process complained of was issued, enacts, that " if any person or persons shall have in his or their custody, any goods or chattels, belonging to the estate of any deceased person, or any bills, bonds, notes, accounts, or any thing that may tend to disclose such estate, and on demand of the same, by the executor or administrator, shall refuse to deliver them, or to give any satisfactory account to the executor or administrator, it shall be lawful for any justice of the peace, on the complaint of such executor or administrator, to issue his warrant, and cause such *offender* to be apprehended, and brought before him ; and may bind him, with sufficient surety, to appear before the next court of probate ; and such court shall have power to examine him, on oath, concerning the matters complained of ; and if he shall refuse to be examined on oath, and to answer the interrogatories put to him, by such court, it shall be lawful for the court to commit him to prison, there to remain until he shall conform to the law." *Stat.* 230. *tit.* 31. *c.* 1. *s.* 16. By the original statute of 1699, the justice was expressly authorised to " award warrant to some fit person." *Stat.* 59, 60. (ed. 1702.) tit. *Intestate Estates.* (*a*) Much of the argument in this case,

(*a*) See also *Stat.* 264. *tit.* 60. *c.* 1. *s.* 8. and note (4). (ed. 1808.)

*Middlesex,*
*July, 1842.*

Kelsey
*v.*
Parmelee.

has turned upon the question, whether concealing the goods of a deceased person, after demand, is *a crime.* But in the view the court has taken of this case, it is not necessary to determine that question. For if it is admitted, that the offence is not a crime, technically so called, the plaintiffs must go further, and shew that the complaint against them, in this case, is *a civil action,* embraced in the statute regulating proceedings in civil actions. At common law, it cannot be doubted, that a justice of the peace had a right to direct his warrant to any particular private person by name; who could always justify the execution thereof, in an action of false imprisonment. So it was adjudged by Lord Ch. J. *Hale,* in *Rex* v. *Kendall,* 1 *Ld. Raym.* 66. And it has been ever since recognised as law, by all writers and judges, so far as we know, upon this subject; though it is said, by some writers, that it is better to direct to a known officer, as they are bound to execute. 1 *Chitt. Cr. L.* 38. (31.) When then our statute authorises a magistrate to issue a warrant to apprehend a person, it would seem to follow, that it might be done, in the manner authorised by the common law, unless the statute directed the mode, or restrained him in the manner of executing the authority.

The plaintiffs claim that this is done, by the statute directing process in civil actions, and they claim that this is a civil action; and if they are right in this, that the process by which they were arrested, is the process spoken of in that statute, it is clear, that it will not justify the arrest. That statute was intended to regulate the ordinary process in civil actions. It provides, that the writ and declaration shall go out together; that the writ shall be a summons or an attachment; that it shall be signed by certain officers, there designated; that it shall be served twelve or six days before the court, and shall be returned within a limited time; that the attachment shall be against the goods or chattels of the defendant, and for want thereof, against his lands or person; and that it shall be served, by attaching the goods and chattels of the defendant, or if none can be found, his lands or person. This process is one of a different character. It is not a summons; for the body is to be arrested. It is not an attachment against the goods or estate; for neither of them could be taken. It is not to be served twelve or six days before the court; nor is

HARVARD LAW LIBRARY

*Middlesex,*
*July, 1842.*

Kelsey
*v.*
Parmelee.

it returnable a given time before the day of trial; but it is a warrant, properly so called, against the person only, to be executed and returned forthwith. Nor can it be served, by attaching the goods and chattels, or the lands, of the defendant. We have, therefore, no hesitation in saying, that this is not the process intended by that statute; and of course, is not to be regulated by it.

We have then a case, where the magistrate is authorised to issue process; and if it be not a criminal case, then no statute provision is made, how it shall be directed. A like authority is given to justices of the peace, in other cases, not strictly criminal, where no specific mode of direction is given. Thus, upon application to a grand-juror against a witness, who refuses to appear or answer before them, the justice may issue a warrant to enforce the duty. *Stat.* 174. *tit.* 20. *c.* 1. *s.* 129. (ed. 1838.) Or to compel a witness to give a deposition in a civil suit. *Stat.* 54. *tit.* 2. *s.* 46. (ed. 1838.) So too, if a person under an overseer shall refuse to submit to his authority, two justices may, upon application, issue their warrant, and cause such person to be brought before them. *Stat.* 350. *tit.* 50. *s.* 7. (ed. 1838.) A similar provision is made relative to stubborn children, upon complaint of their parents or others having the charge of them. *Stat.* 105. *tit.* 13. *s.* 3. (ed. 1838.) Idle persons also may be apprehended, on warrant from a justice of the peace, and sent to the work-house. *Stat.* 658. *tit.* 118. *s.* 8. (ed. 1838.) So too, where a counterfeit bill or note is lodged with a magistrate, he may, at his discretion, cause the person from whom it was taken, to be brought before him, and examine him on oath. *Stat.* 114. *tit.* 17. *s.* 4. (ed. 1838.)

In these cases, there is no express provision that the justice may direct his warrant to an indifferent person, unless they are within the 134th section of the act concerning crimes and punishments; and yet, we believe, the practice has been unquestioned to direct warrants, in these cases, to indifferent persons; and the case before us, is one of similar character.

If it is a criminal offence, then, it is embraced by the 134th section. If it is not, the justice is left to regulate himself, by the practice of the common law.

Perhaps it may be claimed, that as the statute under which the process was issued, originally authorised the justice to di-

rect his warrant to some fit person, when that expression was cancelled, it is to be presumed, that the legislature intended to take away the power. The court do not, however, so understand it. The great object of the revisers of the statutes, was, to condense them; and they have often omitted that which they considered as unnecessary: and upon this principle, they might well omit that expression. This is confirmed by the fact, that Judge *Swift,* who assisted in the revision of the statutes in 1821, recognises the common law as stated above. 2 *Sw. Dig.* 392. And this is also corroborated by the fact, that in certain cases, this authority is taken away, and justices are expressly enjoined to whom to direct their warrants; as in the removal of paupers, the warrant must be directed to the constable of the town. *Stat.* 361. *tit.* 52. *c.* 1. *s.* 6. (ed. 1838.) So too, in the case of dangerous lunatics, the same direction is to be given. *Stat.* 353. *tit.* 50. act of 1824. *s.* 1. (ed. 1838.)

Without giving an opinion, therefore, whether this case is embraced in the 134th section of the act concerning crimes and punishments, we are satisfied, that the justice had good right to employ an indifferent person to execute this process; and the defendants, therefore, were justified in making their arrest; and we advise the superior court to adjudge the plea of the defendants to be sufficient.

In this opinion the other Judges concurred.

Demurrer overruled.