## Henry Brushaber and John Brushaber v. John Stegemann.

*Evidence: Tort: Credibility: Animus.* In an action for false imprisonment,—the defendant being the brother of the plaintiff's wife, and the alleged imprisonment having been founded on a charge against the plaintiff for an assault on his wife,—evidence of a transfer to the defendant, by the wife, of property which she had derived from her husband, and of the defendant's *opposition to the marriage of plain-*

tiff to his sister, is admissible as bearing on the crediblity of the witness and the *animus* of the parties.

*Arrest.* An actual manual arrest of the person is not necessary to constitute a false imprisonment. A demonstration of physical violence, which, to all appearance, can only be avoided by submission, operates as effectually, if submitted to, as if the arrest had been forcibly accomplishsd.

*Pleading and evidence: Malice.* An averment in a declaration that an imprisonment of the plaintiff had been effected by means of. threats and violence, is a sufficient averment of malice to permit proof of it, and to justify a recovery, or an aggravation of damages on that ground.

*Exemplary damages.* In cases where exemplary damages are allowable, they can only be measured by the sound discretion of the jury; and if excessive,—nothing appearing to show that the jury were misled by the charge or rulings of the court,—the only remedy is by application to the Circuit Court for relief.

*Heard January 11. Decided January 12.*

Error to Wayne Circuit.

This was an action brought by John Stegemann in the Circuit Court for the County of Wayne, against Henry Brushaber and John Brushaber for false imprisonment. The declaration contained the usual count for an assault and battery. The defendants pleaded the general issue. On the trial the jury found a verdict for the plaintiff for two hundred dollars; and the judgment entered on a verdict is brought into this court by writ of error; the questions for review arising upon the rulings and charge of the court.

*O. Kirchner*, for plaintiffs in error.

*Brown & Chambers*, for defendant in error.

CAMPBELL, CH. J.

Stegemann sued the Brushabers for assault and false imprisonment without reasonable or probable cause. The false imprisonment complained of was that they had compelled him to go with them to the police office, under pretense of charging him with a felonious assault on his wife, who was their sister.

Henry Brushaber, having taken the stand and testified on his own behalf, was asked, on cross-examination, a series of

questions referring to his opposition to his sister's marriage; his sale to Stegemann, before the marriage, of property afterwards conveyed by Stegemann to his wife, and a subsequent conveyance by her to the brothers; and it is alleged as error that the court allowed these questions to be put to him and admitted the answers. They had a manifest bearing on the relations between witness and Stegemann, and were admissible as to his credibility as a witness, without reference to his liability as defendant. We think they were also proper on the merits, as having some bearing on the *animus* of the parties.

An exception is taken to a charge of the court defining what might amount to an imprisonment. The portion of the charge complained of is so vaguely pointed out, that it is questionable whether the exception is sufficient in form. But as the objection seems to be pointed at so much of the charge, as held that an imprisonment might exist without actual manual arrest of the person, we shall refer to that point. The clause in question was this: "Now, a man may be imprisoned without being taken hold of by persons that imprison him. Suppose, for instance, an officer comes to one of you with a warrant, and says, 'I want you to go along with me,' and you go along without his taking hold of you,—that would be an arrest. It is not necessary that he should lay his hands upon you. So, if a man comes to you and says, 'If you don't go with me I shall shoot you!' and if you go with him through fear, although he does not touch you, it would be an imprisonment. And if a man comes to you in any other way and uses words, or accompanies them with such an appearance that would lead you to be in fear of him, or make you comply with his demand, that would be an imprisonment. So, in this case, if the defendants came to this plaintiff and told him they wanted to take him to the

station house, and he complied, seeing the two together with clubs in their hands, and went with them through fear, that would be imprisonment." The court then went on to instruct them very clearly that if they believed the defendant's version of the transaction, which was, in substance, that they did not intend to arrest plaintiff themselves, but were only waiting for a policeman, and he voluntarily accompanied them, rather than wait for a policeman, there was no arrest.

We find no error in this charge. It is the fact of compulsory submission which brings a person into imprisonment; and impending and threatened physical violence, which, to all appearance, can only be avoided by submission, operates as effectually, if submitted to, as if the arrest had been forcibly accomplished without such submission. There are cases in which a party who does not submit cannot be regarded as arrested until his person is touched; but when he does submit, no such necessity exists. If the plaintiff yielded through fear to the demands of the two defendants armed with clubs, we cannot doubt he was imprisoned within the meaning of the law.

It is also objected as error, that the court charged the jury, that in case they found "the defendants did not act in good faith, and were actuated by ill will or malice, and took advantage of what occurred, they might go beyond actual compensation, and award such other damages, usually called exemplary damages or smart money, as you may think proper under the circumstances. There is no limit to it, except the reasonable discretion of the jury. Our Supreme Court have said in one case, that it is intended to satisfy the plaintiff for the injury to his feelings:—You have a right, if you find that the defendants acted maliciously, to go beyond the actual compensation, and award such damages as you think are right and proper."

It is suggested that the declaration is not so framed as to include any cause of recovery depending on malice. But the declaration alleges distinctly that the imprisonment was by means of threats and violence, and without any reasonable or probable cause, and unlawful. As these are the ingredients of malice, which is only manifested by mischief done or attempted without reasonable cause, the allegations are broad enough and are sufficient to support a charge on that basis. And in such cases as this, when there is no possible way of measuring damages with any certainty, the sound discretion of the jury under all the circumstances, is the only measure practicable. No complaint is made that the jury were in any way misled by any other charge which might induce them to go beyond their proper discretion. No other charge is asked or refused,—so far as the bill informs us. And where damages depend on this discretion, and nothing has been done to lead them astray, the only redress is to apply to the Circuit Court for relief against the verdict as excessive. The amount of the verdict cannot affect the case upon error; but there is nothing in the amount of this which could support any presumption that the rule had worked injuriously in the present instance, or that the court had given them any improper bias.

The judgment must be affirmed, with costs.

The other Justices concurred.