TIMOTHY CALLAHAN, Respondent, *v.* WILBUR H. SEARLES, Appellant, Impleaded with GEORGE M. KOPP and Another.

*What amounts to an arrest.*

If an officer goes into the presence of a person and inquires about certain stolen property, shows his shield and directs such person to come with him to a certain specified place, there is an arrest of such person.

APPEAL by the defendant, Wilbur H. Searles, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 18th day of October, 1893, upon the verdict of a jury rendered after a trial at the Westchester Circuit, and also from an order made on the 11th day of October, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*William G. Valentine* and *Francis Larkin,* for the appellant.

*Nelson H. Baker,* for the respondent.

PRATT, J.:

This is an action for false imprisonment, and the counsel for the defendant well says in his brief that such a case would not be likely to happen in a lifetime. That such a coincidence should happen is remarkable, but I think it is clear that an arrest and detention, or imprisonment, was sufficiently proved to sustain a verdict for the plaintiff. The fact that the officer went into the presence of the plaintiff, inquired about the stolen property, showed his shield, and told the plaintiff to come along with him to defendant's, was an arrest.

Even if the plaintiff was not arrested by a distinct order of the defendant, the act of the officer was ratified afterwards at the store where the defendant ordered the plaintiff to be detained until it was proved that the shoes had been a few doors from the defendant's store.

A technical false imprisonment was proved within well-settled rules of law. (*Gold* v. *Bissell*, 1 Wend. 210; *Searls* v. *Viets*, 2 T. & C. 224; *Mowry* v. *Chase*, 100 Mass. 79–85; *Clark* v. *Starin*, 47 Hun, 345.)

We should have been much better satisfied with the verdict if it had been much smaller, but we are unable to say that it is so excessive as to warrant us in setting it aside.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment and order affirmed, with costs.