THE TOWN OF HAMDEN *vs.* ROBERT COLLINS.

Third Judicial District, New Haven, January Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Statutory bastardy proceedings in this State are civil and not criminal in their nature, and the general rules respecting civil cases are applicable to them.

Unless all the statutory conditions are observed, process in such cases directed to and served by an indifferent person is ineffective, and a judgment based thereon is extra-judicial and void.

A defendant in bastardy proceedings, arrested by an indifferent person, pleaded in abatement before the Town Court that the authority signing the process did not certify to having administered the oath required by law; the plea was overruled and he was bound over to the Court of Common Pleas. *Held:*—

1. That the plea in abatement in the Town Court should have been sustained.

2. That the renewal of that plea before the Court of Common Pleas was in accordance with approved practice.

The word "arrest" is as appropriately used to designate the apprehension of a person in civil as in criminal proceedings.

The fact that one submits peaceably to a pretence of authority does not affect his status as one restrained of his liberty; resistance is not requisite to the preservation of his rights, for the law implies force in every false imprisonment.

Amending a return cannot by relation back furnish the court a jurisdiction which it did not have when its judgment was rendered; that jurisdiction is to be determined by the record as it then was.

It is not competent for a constable to arrest a defendant who has been wrongfully brought into his precincts from another town, since the law will not permit an illegal act to be utilized and a forbidden result to be achieved by indirection.

Argued January 18th—decided March 7th, 1912.

APPEAL from a judgment of the Court of Common Pleas in New Haven County, *Wolfe, J.,* abating and dismissing a bastardy complaint for alleged illegal and insufficient service of the writ and process.   *No error.*

This bastardy complaint against the defendant, who

is therein described as, and who in fact was, a resident of New Haven, was brought to the Town Court of the plaintiff town. The statutory warrant was thereupon issued directed to the sheriff of the county, his deputy, or either of the constables of Hamden, and to one Webster, an indifferent person. This process was delivered to Webster to serve as an indifferent person. He then, in the execution of its mandate, went to New Haven, where the defendant then was, and took him into custody, delivering to him a copy of the complaint and warrant attested by Webster as an indifferent person. The defendant submitted to the arrest without resistance or remonstrance, and peaceably obeyed the commands of Webster as his custodian. Pending his production in court he was kept in custody in the New Haven jail under Webster's authority. Thence he was taken to Hamden, and there presented to the court, with a return of the warrant with Webster's indorsement of his doings thereon, reciting his arrest of the defendant's body in New Haven, and signed by him as an indifferent person. In all that Webster thus did he was acting as an indifferent person and under the pretended authority of the warrant.

Upon his presentation to court the defendant pleaded in abatement, and moved that the cause be dismissed for the reasons, in substance, that the process was not otherwise served upon him than by the leaving with him in New Haven by Webster, an indifferent person, of a true and attested copy of the complaint and warrant, and that the authority signing the process did not certify thereon that he had administered the oath required by law to authorize the service of process by an indifferent person. This plea was overruled, the defendant put to plea against his protest, a hearing had, probable cause found, and the defendant bound over to the Court of Common Pleas. When the cause

reached the latter court, the defendant renewed his plea in abatement and motion to dismiss. A demurrer thereto having been overruled, an answer to the plea was filed. Upon the issues thus framed a hearing was had, the facts found to be as stated in the plea and as herein recited, the process abated, and the cause dismissed.

After the issues had been joined as stated, and pending their determination, counsel for the plaintiff filed in the Court of Common Pleas a certificate of the clerk of the Town Court of Hamden, dated the preceding day, to the effect that the return on the warrant had been amended, by leave of the court, by adding to the former return a return signed by Webster in the capacity of constable to the effect that he had on the day of the defendant's production in court, and in the town of Hamden, arrested the body of the defendant, and had him in court. This addition to the original return was made on the day the certificate was signed, and more than a month after the cause had been in the Court of Common Pleas. The defendant objected to the filing of this certificate.

Webster was a constable of Hamden. In his arrest and custody of the defendant he did not lay hands upon him. The latter at no time when he was in Webster's custody disputed the latter's pretended authority under the warrant, or refused to recognize or to submit to it.

Before the warrant was issued and directed to Webster as an indifferent person, neither the plaintiff, nor its agent or attorneys, made oath before the authority signing the complaint and warrant that the affiant verily believed that the plaintiff was in danger of losing his debt or demand unless an indifferent person was deputed for the immediate service of the complaint and warrant, nor did the authority signing said process certify that he administered such oath.

*Henry G. Newton* and *Charles F. Clarke,* for the appellant (plaintiff).

*Eliot Watrous,* for the appellee (defendant).

PRENTICE, J.   It has long been the settled law of this State that our statutory bastardy proceedings are civil and not criminal in their nature, and that the general rules respecting civil cases are applicable to them. *Hinman* v. *Taylor,* 2 Conn. 357, 360; *Naugatuck* v. *Smith,* 53 Conn. 523, 525, 3 Atl. 550; *Hamden* v. *Merwin,* 54 Conn. 418, 425, 8 Atl. 670; *Van Epps* v. *Redfield,* 68 Conn. 39, 47, 35 Atl. 809.   Section 568 of the General Statutes, expressly and in unmistakable language, provides that no process in civil actions shall be directed to an indifferent person except under conditions not present in this case.   This last statement is equally true, whether or not the warrant is to be regarded as one of attachment.   If one of attachment, the conditions of the statute clearly are not met.   If not one of attachment, it comes within no exception to the general mandate of the section.   Directed, as this was, to an indifferent person, who served and made return of his service of it in that capacity, it had no force, and was to all intents and purposes void as a process for the institution of the proceedings.   *Eno* v. *Frisbie,* 5 Day, 122, 126; *Case* v. *Humphrey,* 6 Conn. 136, 139. The plea in abatement in the Town Court should have been sustained, and the proceedings dismissed.   It was not, but jurisdiction was taken, a hearing had, and a binding-over judgment entered.   This judgment was extra-judicial and void.   *Case* v. *Humphrey,* 6 Conn. 130, 139.   There is nothing in *Kelsey* v. *Parmelee,* 15 Conn. 260, to militate against this conclusion.   That case held that the statute under discussion prescribed regulations for ordinary process in civil actions, and not

for all processes in all manner of proceedings. It further held that the process in that case was of a special character which removed it from the purview of the statute. Such is not the situation here. This is a civil action, and the defective warrant was the prescribed process for its institution.

The renewal of the plea of abatement in the Court of Common Pleas was in accordance with approved practice, and to its disposition the above considerations were as pertinent as they were when it was pending in the Town Court. *Naugatuck* v. *Smith*, 53 Conn. 523, 526, 3 Atl. 550.

The plaintiff characterizes the action commanded by the warrant as an arrest, and argues therefrom that, while the proceeding may be civil in its nature the warrant was not a civil process. This contention rests upon a misunderstanding of the scope and meaning of "arrest." It fails to distinguish between a civil and a criminal arrest, and to appreciate that the word "arrest" is as appropriately used to designate the former as the latter. Black's Law Dictionary; *Hogan* v. *Stophlet*, 179 Ill. 150, 154, 53 N. E. 604; *Ahern* v. *Collins*, 39 Mo. 145, 150. The apprehension of a person, by virtue of the lawful authority of mesne civil process, to answer the demand against him in a civil action, is an arrest in the most accurate use of that term. 3 Cyc. 898; Bouvier's Law Dictionary; Anderson's Law Dictionary.

The plaintiff asserts that the defendant voluntarily appeared before the court, and that, therefore, it had jurisdiction to cause him to answer to the complaint. On the contrary, the return shows that he appeared by virtue of Webster's pretended arrest in the service of the warrant, and under the compulsion of his custody. The fact that the defendant submitted peaceably to Webster's pretence of authority, and accompanied the

latter as directed, did not affect his status as one restrained of his liberty. The pertinent facts are that Webster assumed authority to arrest him by force of the warrant in his hands, and that the defendant submitted to that authority which Webster asserted. *Callahan* v. *Searles*, 78 Hun, 238, 28 N. Y. Supp. 904; 1 Cooley on Torts (3d Ed.) 297. It was not necessary for him to resist Webster's attempt, or to disregard his captor's orders or custody, or to compel the use by Webster of actual force in order to preserve his rights. *Johnson* v. *Tompkins*, 1 Bald. (U. S. C. C.) 571; *Brushaber* v. *Stegemann*, 22 Mich. 266, 269. His apprehension and production in court were none the less forceful for the reason that no actual force was used. The law implies force in every false imprisonment, and any unlawful detention of a person against his will is a false imprisonment. *Emmett* v. *Lyne*, 1 Bos. & P. (N. S.) 255; *Kirk & Son* v. *Garrett*, 84 Md. 383, 35 Atl. 1089. The defendant's production before the court was in the eye of the law forceful, and he carefully avoided a waiver of his rights by his plea.

The amendment of the return which was made in the Town Court long after its final action had been taken, assuming that the court had the power to permit it to be made, was entirely without effect either as giving validity to that court's action, or as giving the cause a standing in the Court of Common Pleas. The former court had assumed jurisdiction, and proceeded to a hearing and judgment when upon the record it was without jurisdiction. The amended return could not by relation back to the time of the court's action make good and valid what was extra-judicial and void when it was done. It could not avail to furnish the court a jurisdiction which it did not have when its judgment was rendered. That jurisdiction is to be determined by the record as it then was, and the Court of Common

Pleas took the case with all the infirmities it had when it was handed to it. Furthermore, it was not competent for Webster as a constable to arrest the defendant where and when he pretends to have done so. He had wrongfully, and in the eye of the law forcibly, brought the defendant from New Haven, outside of his precincts as a constable, into Hamden, and thus within his precincts, and was then holding him in custody under an illegal arrest made in New Haven. This his two returns show, and this the law will not suffer to be done in the service of a civil process. It will not permit the illegal act to be thus utilized, and results forbidden to be accomplished directly thus suffered to be achieved by indirection. *Ilsley* v. *Nichols*, 12 Pick. (Mass.) 270, 275; *Carpenter* v. *Spooner*, 2 Sandf. (N. Y.) 717, 718; *Hooper* v. *Lane*, 6 H. L. Cas. 443.

There is no error.

In this opinion the other judges concurred.