No. 9175.

KETTELHUT v. EDWARDS.

1. FALSE IMPRISONMENT—*Evidence.* One claiming to be a city detective called upon plaintiff, told her he was a detective, had a complaint against her, and was told to get her, that he could put her in jail, but would take her to where she might meet the man who made the complaint. He ignored her protests of innocence, and insisted that she go with him. Held an arrest and false imprisonment.

2. —— *Ratification of Arrest.* One who approves an unlawful arrest made by another is liable to an action for false imprisonment.

*Error to Denver District Court, Hon. Charles Cavender, Judge.*

*Department One.*

Mr. JOSEPH D. PENDER, Mr. CON. K. O'BYRNE, for plaintiff in error.

No appearance for defendant in error.

Opinion by Mr. Justice Teller.

THE plaintiff in error brought suit against defendant in error to recover damages for false imprisonment, and a verdict was directed for defendant.

The judgment entered on said verdict is now alleged to be erroneous because of the direction of the verdict.

The only question to be considered is whether or not plaintiff's evidence, with all legitimate inferences, proved the allegations of the complaint which were necessary to make out a case for damages.

The complaint alleged that the defendant complained to the police authorities of the City of Denver that plaintiff, after occupying a room with him for a night, had robbed him; that he procured one Bramer, a detective in the employ of said city, to arrest defendant, on said complaint, without a warrant, and without probable cause; that plaintiff was arrested and taken by said Bramer to the office of an attorney in said city; that she was required by said Bramer, at the instance of the defendant, to return to said office on the following day; and that all of said acts were done under threats to put plaintiff in jail.

Plaintiff testified that on the day of the alleged arrest, Bramer came to her room; told her he was a city detective; that he had a complaint against her from David Edwards; that he was told to get her; that he could put her in jail, but would make it easy for her and take her to an attorney's office, where they would meet the man who made the complaint. Plaintiff further testified that Bramer ignored her protests and offer to show by her roommate or the landlady that she was not the person wanted, and insisted that she go with him; that she went to the said office; and that Edwards, when he saw her, declared she was not the woman who had robbed him, whereupon Bramer told her she was released.

This constituted an arrest and false imprisonment: *Callahan v. Searles*, 78 Hun. 238, 28 N. Y. Supp. 904.

"False imprisonment consists in imposing, by force or threats, an unlawful restraint upon a man's freedom of locomotion. *Prima facie* any restraint put by force or fear upon the actions of another is unlawful and constitutes a false imprisonment, unless a showing of justification makes it a true or legal imprisonment." Cooley on Torts, 3rd Ed., Vol. 1, Page 296.

This leaves for consideration the question of defendant's responsibility for the arrest.

It can not be said that there was direct evidence to prove the filing of a complaint, or the ordering of plaintiff's arrest, though, if Bramer's official character had been established, his statements might, under some authorities, have been received as part of the *res gestae*: 11 R. C. L., p. 822; but there is evidence which would clearly justify an inference that defendant was the cause of said arrest. Accepting as true, as we must, for the purpose of determining the correctness of the direction of a verdict, the testimony of the hotel keeper, it appears that the defendant, on the morning of May 6, the day of the arrest, obtained from the witness the name of plaintiff; that in the afternoon of that day Bramer came to the hotel, asked for plaintiff by name, and was sent to her room. Later that day defendant came to the hotel and said: "I got her, * * * I will fix her; I will put her where the dogs won't bite her." Calling plaintiff: "Kettelbum." He came there the next day three times, repeating substantially his language as above stated.

This is evidence of a ratification of the arrest; and ratification of the arrest would make defendant as responsible for it as would evidence that he directed the arrest. *Cordner v. Railroad*, 72 N. H. 413, 57 Atl. 234; *Fenelow v. Butts*, 53 Wis. 344, 10 N. W. 501, and 19 Cyc. 327.

Plaintiff testified as to the effect of the treatment, to which she had testified, upon her health, and if the jury believed her, they would be justified in giving her some damages.

A case for the jury was made, and the court erred in directing a verdict for defendant.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

Chief Justice Hill and Mr. Justice White concur.