[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102
The plaintiff, Wise Investments, a landlord, filed a one-count complaint on November 20, 1991, which seeks to recover damages for the alleged breach of a lease agreement by the defendants, Scott Cleaners, Inc. ("the corporation"), Kevin Donadio, Gwen Robert, John Lorenzo (the "individual. defendants"), and Robert Cassidy ("Cassidy"). Cassidy and the individual defendants are principals in the corporation.
On November 13, 1991, Shawn E. Benbow, an "indifferent person" who resides in Fairfield County, served process upon Gwen Robert, a resident of Prospect, and upon the corporation which is also located in Prospect. (Benbow served the corporation by serving Gwen Robert, the corporation's managing agent.) On November 9, 1991, Benbow served process upon John Lorenzo and Robert Cassidy, both of whom reside in Southbury, and Kevin Donadio, a resident of Meriden. (See Affidavits of Service, attached to plaintiff's complaint.)
On April 21, 1992, Cassidy was defaulted for failing to enter an appearance. Cassidy entered an appearance on May 7, 1992, and filed a motion to dismiss (#102) on June 5, 1992. Cassidy moves to dismiss on the following grounds:
1. that the person who served process upon Cassidy is an "indifferent person" who is ineligible to serve process because the circumstances specified in General Statutes 52-50(b) did not exist;
2. that the plaintiff failed to provide a proper bond or recognizance; and
3. that venue (Fairfield J.D.) is improper because the plaintiff-landlord is attempting to collect back rent on a premises located within the Waterbury Judicial District.
The plaintiff filed a memorandum of law in opposition to CT Page 3499 the motion to dismiss on June 12, 1992.
A motion to dismiss challenges the court's jurisdiction based on the grounds of insufficiency of service of process. Practice Book 143(5); Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985). Practice Book 142 requires that a motion to dismiss for insufficiency of service of process to be filed within thirty days of the filing of an appearance. Cassidy's motion to dismiss is timely, as it was filed within thirty days of the filing of his appearance.
In support of his motion to dismiss for insufficiency of service of process, defendant Cassidy argues that the person who served him with the writ and complaint, Shawn E. Benbow, is an "indifferent person," and not a sheriff or "proper officer." Cassidy contends that Benbow, as an "indifferent person," was not eligible to serve process upon him because all of the defendants in this case resided in the same county (New Haven County), and thus, the plaintiff could not properly serve the defendants by way of an "indifferent person" pursuant to General Statutes 52-50(b). In making this motion to dismiss, Cassidy argues that, for purposes of service of process, the proper definition of the term "county" is found in 6-1 of the General Statutes.
In response, the plaintiff argues that the defendants do not reside in the same county, and service of process on Cassidy by an "indifferent person" was proper. Thus, the plaintiff argues that, for purposes of service of process, the proper definition of the term "county" is found in 51-342 and 51-344
of the General Statutes.
General Statutes 52-50(b) provides in pertinent part that "[p]rocess shall not be directed to an indifferent person unless more defendants than one are named in the process and are described to reside in different counties in the state. . . ." (Emphasis added.) Thus, in the present case, the plaintiff's use of an "indifferent person" to serve process will be improper if the defendants reside in the same county.
Defendant Cassidy argues that the term "counties" is defined in General Statutes 6-1, which provides in pertinent part that:
There shall be . . . in the state eight counties, CT Page 3500 which shall be constituted as follows. . .
 New Haven County. The towns of New Haven, . . . Meriden, . . . Prospect . . . Southbury, . . . and Woodbridge shall constitute . . . the county of New Haven.
General Statutes 6-31 provides in pertinent part that "[e]ach sheriff may execute in his county all lawful process directed to him. . . ." (Emphasis added.) General Statutes 51-342, upon which the plaintiff relies, provides that "[w]herever in the general statutes the word "county" is used to establish or refer to venue for the superior court, such word `county' shall be construed to mean a judicial district established pursuant to section 51-344." (Emphasis added.) For purposes of service of process, the correct definition of "county" is the one contained in General Statutes 6-1. The plaintiff's reliance on 51-342
is misplaced, as this statute pertains to the establishment of venue for the superior court.
According to General Statutes 6-1, the defendants in the present case all reside in New Haven County. (Cassidy resides in Southbury; Lorenzo resides in Southbury; Donadio resides in Meriden; Robert resides in Prospect; and the corporation was located in Prospect). Thus, the plaintiff's use of an "indifferent person" to serve process did not comply with the mandates of General Statutes 52-50(b), which provides for service by an "indifferent person" when the defendants reside in different counties. Service by an "indifferent person," in the absence of the circumstances set forth in General Statutes52-50(b), "had no force, and was to all intents and purposes void as a process for the institution of the proceedings." Hamden v. Collins, 85 Conn. 327, 330 (1912).
The court grants defendant Cassidy's motion to dismiss as to himself on the grounds of insufficiency of service of process. The court need not address the other grounds for dismissal as to Cassidy which are raised in his motion.
BALLEN, J. CT Page 3501