[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT
This action brought by Joseph Marion appears to be founded in a number of personal disputes between the plaintiff and several individuals, including members of his family, police officers, prosecutors, judges, a public defender, attorneys, a municipal official and a corporation. There are a total of thirty-two defendants, twenty-nine named and three unnamed. The plaintiff's complaint, although largely incomprehensible, appears to attempt to state a wide range of constitutional deprivations as well as alleged torts committed against him. The plaintiff seeks millions of dollars in damages.
The complaint is signed by the plaintiff and dated November 19, 1997. On page thirty-six of the complaint, the plaintiff has provided a Certification stating: "Petitioner hereby certifies that a copy of this Complaint and Demand is served by prepaid mail or hand-delivery this November 19, 1997 for all respondents. . . ." On November 28, 1997, the complaint was returned to the court along with twenty-nine Returns of Service. Nine of the returns were signed by the plaintiff and twenty were signed by Ronald James Vancellette, Albee Rd., Dudley, Mass., identified on some of the returns as a "Sovereign Man On The Land." CT Page 7767
The summons contained a Return Date of December 23, 1997. The summons was signed by Adele Dery, administrative assistant.
Several defendants have filed motions to dismiss. Two filed motions for summary judgment. It appears the plaintiff has filed an opposition to some of the motions to dismiss.
Several of the motions to dismiss claim the plaintiff failed to post a bond in violation of Practice Book § 52, now Practice Book (1998 Rev.) § 8-4. The court finds, however, that the plaintiff has posted a bond.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 142 [now Practice Book (1998 Rev.) § 10-30]. The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Practice Book § 143 [now Practice Book (1998 Rev.) § 10-31]."Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). "A defendant may contest the personal jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Internal quotation marks omitted.) Brunswick v. Inland Wetlands Commission,222 Conn. 541, 551, 610 A.2d 1260 (1992). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179
80, 554 A.2d 728 (1989).
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light. . . ." (Internal quotation marks omitted.) Savage v. Aronson, 214 Conn. 256, 264,571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. . . ." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). CT Page 7768
General Statutes § 52-50 (a) states that process shall be directed to a sheriff, his deputy or an indifferent person. General Statutes § 52-50 (b) states in relevant part: "Process shall not be directed to an indifferent person unless more defendants than one are named in the process and are described to reside in different counties in the state. . . . The authority signing the writ shall certify. on the writ that he administered the oath and insert in the writ the name of the person to whom it is directed. . . ." See Hamden v. Collins,85 Conn. 327, 330, 82 A. 636 (1912).
"The person of whom indifference is predicated, must be impartial, and free from bias." (Internal quotation marks omitted.) Lampson Lumber Co. v. Rosadino, 141 Conn. 193, 197,104 A.2d 362 (1954). "Webster defines indifferent as [h]aving a neutral or unbiased disposition, . . . [n]ot inclined or affected to one side, party, or cause more than to another; unprejudiced." (Internal quotation marks omitted.) Id., 196.
The twenty-nine named defendants were served with the process by either the plaintiff or Vancellette. There is no certification from the person signing the writ that Vancellette was given the required oath. The court finds that neither the plaintiff nor Vancellette was qualified as an indifferent person with the statutory authority to serve process.
General Statutes § 52-57 (a) requires service of process upon a defendant personally or at his usual place of abode in this state. Service upon a person's place of employment is not service at the usual place of abode. Grayson v. Wofsey, Rosen,Kweskin Kuriansky, 40 Conn. Sup. 1,3,478 A.2d 629 (1984). General Statutes § 52-57a allows service of process upon a person subject to the jurisdiction of the courts of this state to be served in another state in the same manner as service is made within this state by a person authorized in that state.
The court has addressed the motions to dismiss in the approximate order of their filing.
Vancellette served defendant Joseph Smith on November 24, 1997, by leaving the process at the usual place of abode of this defendant in Massachusetts. (Return of Service.) The defendant filed a motion to dismiss, which included an appearance, on December 22, 1997. It did not include a certification of service. The motion claims the plaintiff lacks personal jurisdiction over CT Page 7769 this defendant because Vancellette was not authorized to serve this defendant in Massachusetts.
The court finds that service by Vancellette in Massachusetts upon this defendant violates the requirements of General Statutes §§ 52-50, 52-57 and 52-57a and thus, grants the motion to dismiss of defendant Smith, notwithstanding the absence of certification.
Vancellette served defendant Marjorie Edith Foote Marion on November 24, 1997, by leaving the process at her usual place of abode with Lawrence Joseph Marion, Sr. (Return of Service.) Vancellette served defendant Lawrence Joseph Marion, Sr. on November 24, 1997, in hand. (Return of Service.) These defendants filed an appearance and a motion to dismiss for lack of personal jurisdiction for insufficient service of process on December 24, 1997. The court finds that service of process by Vancellette does not meet the requirements of General Statutes § 52-50 and thus, grants the motions to dismiss of defendants Marjorie Edith Foote Marion and Lawrence Joseph Marion, Sr.
The plaintiff served defendants Michael Darcy and John P. Margaritis on November 24, 1997, by certified mail to Troop D, Westcott Rd, Danielson, Ct. (Returns of Service.) The plaintiff served defendant Mark S. Solak on November 24, 1997, by certified mail at his office. (Return of Service; Affidavit of Defendant Solak.) The plaintiff served defendants Roger R. Caridad and Mark A. Stabile by personal service of the complaint on November 19, 1997, and certified mail of the summons at their offices on November 24, 1997. (Returns of Service; Affidavits of Caridad and Stabile.) The plaintiff served defendant Vincent J. Dooley by personal service of the complaint on November 19, 1997, and summons by certified mail on November 24, 1997. (Return of Service.) These defendants appeared on December 19, 1997. They filed a motion to dismiss on January 2, 1998, for insufficient service of process and failure to include a recognizance. The court denies the motion on the ground of failure to include a recognizance. The court finds that service either by the plaintiff or by certified mail and service at the offices of the defendants violate the requirements of General Statutes §§ 52-50
and 52-57 and, thus grants the motions to dismiss of defendants Darcy, Margaritis, Solak, Caridad, Stabile and Dooley on the ground of insufficient service of process.
Vancellette served defendant Jeremy N. Weingast on November CT Page 7770 24, 1997, by leaving the process at his office with his secretary. (Return of Service; Affidavit of Cynthia L. Cote.) Defendant Weingast filed an appearance on January 2, 1998. On January 9, 1998, he filed a motion to dismiss for insufficient service of process. The court finds that service by Vancellette and service upon the defendant's secretary at the defendant's office violates the requirements of General Statutes §§ 52-50
and 52-57 and thus, grants the motion to dismiss of defendant Weingast.
Vancellette served defendant Harry M. Arters on November 24, 1997, by leaving the process at his office with his receptionist. (Return of Service; Affidavit of Harry M. Arters.) Defendant Arters filed an appearance on January 9, 1998. He filed a motion to dismiss on January 9, 1998, for lack of personal jurisdiction for insufficient service of process and failure to include a recognizance The court denies the motion on the ground of failure to include a recognizance. The court finds that, service by Vancellette and service upon the defendant's receptionist at the defendant's office violates the requirements of General Statutes §§ 52-50 and 52-57 and thus, grants the motion to dismiss of defendant Arters for insufficient service of process.
Vancellete served defendant William Edward Marion on November 24, 1997, by leaving the process at his usual place of abode with his father Lawrence J. Marion, Sr. (Return of Service.) William Edward Marion filed an appearance on December 23, 1997. On January 16, 1998, he filed a motion to dismiss for lack of personal jurisdiction for insufficient service of process and because the action is time-barred. The court finds that service by Vancellette does not meet the requirements of General Statutes § 52-50 and thus, grants the motion to dismiss of defendant William Edward Marion.[1]
Vancellette served defendant Margaret St. Denis on November 24, 1997, by leaving the process at her usual place of abode with her husband Michael R. St. Denis. (Return of Service.) Vancellette served defendant Michael R. St. Denis on November 24, 1997, in hand. (Return of Service.) These defendants filed an appearance on December 30, 1997. They filed a motion to dismiss on January 21, 1998, for lack of personal jurisdiction for insufficient service of process and failure to include a recognizance. The claim of failure to include a recognizance was withdrawn at argument. The court finds that service of process by Vancellette violates the requirements of General Statutes § CT Page 777152-50 and thus, grants the motion to dismiss of defendants Margaret St. Denis and Michael St. Denis.
Vancellette served Robert Paul Marion and Robert Paul Marion II on November 24, 1997, at their usual place of abode by having "left on first door of building." (Return of Service.) The defendants filed an appearance on December 24, 1997. They filed a motion to dismiss on January 22, 1998, for insufficient service of process. The court finds that service of process by Vancellette violates the requirements of General Statutes §52-50 and thus, grants the motion to dismiss of defendants Robert Paul Marion and Robert Paul Marion II.
Vancellette served defendants John Marion, Jr. and Joyce Krampitz Marion on November 24, 1997, at their usual place of abode by leaving the process "on first door of building." (Returns of Service.) The defendants filed an appearance on December 26, 1997. They filed a motion to dismiss on January 26, 1998, for lack of personal jurisdiction for insufficient service of process and failure to include a recognizance. The court finds that service of process by Vancellette violates the requirements of General Statutes § 52-50 and thus, grants the motions to dismiss of defendants Lawrence John Marion, Jr. and Joyce Krampitz Marion for insufficient service of process.
The plaintiff served defendants Richard N. Rittenband and George Levine on November 26, 1997, by certified mail. (Return of Service.) Vancellette served defendant Samuel J. Sferazza on November 24, 1997, at his usual place of abode by leaving the process with his daughter. (Return of Service.) Vancellette served defendant Robert A. Martin on November 24, 1997, at his usual place of abode by leaving the process on the front door. (Return of Service.) Vancellette served defendant John C. Driscoll on November 24, 1997, at his usual place of abode by leaving the process on the front door. (Return of Service.) Vancellette served defendant Barbara M. Quinn on November 24, 1997, at her usual place of abode by leaving the process with her husband. (Return of Service.) Vancellette served defendant Kevin Booth on November 24, 1997, at his usual place of abode by leaving the process on the front door. (Return of Service.) These defendants filed an appearance on December 22, 1997. On January 12, 1998, they filed a motion to dismiss for (1) lack of subject matter jurisdiction on the grounds of sovereign immunity or absolute judicial immunity and (2) lack of personal jurisdiction for insufficient service of process. CT Page 7772
These defendants, all judges of the Superior Court, claim that to the extent they are being sued in their official capacity for money damages, the suit is against the state itself and barred under the doctrine of sovereign immunity. "In Connecticut, we have long recognized the validity of the common-law principle that the state cannot be sued without its consent and that since the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state." Horton v. Meskill, 172 Conn. 615, 623, 376 A.2d 359
(1977). "[T]he sovereign is immune from suit unless the state, by appropriate legislation, consents to be sued." Federal DepositIns. Corp. v. Peabody. N.E. Inc., 239 Conn. 93, 101, 680 A.2d 132
(1996). "As we have; stated many times before, the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v.Frankel, 228 Conn. 358, 364, 636 A.2d 786 (1994).
The court finds that the state has not passed legislation consenting to a suit for money damages against the Superior Court judges. Thus, the court grants the defendants' motion to dismiss for lack of subject matter jurisdiction on the ground of sovereign immunity.
These defendants also claim the court lacks personal jurisdiction over them because insufficient service of process. The court finds that service of process was insufficient as it was not served on the Attorney General as required by General Statutes § 52-64 for actions against state officials.
Although it is unlikely the allegations are addressed to these defendants in their individual capacities, the complaint is difficult to comprehend, and so the court will address the issue of absolute judicial immunity. The doctrine of judicial immunity has long been recognized in this state. Spring v. Constantino,168 Conn. 563, 565, 362 A.2d 871 (1975). "[T]he immunity rule is designed to promote principled and fearless decision-making by removing a judge's fear that unsatisfied litigants may hound him with litigation charging malice or corruption." (Internal quotation marks omitted.) Id. Thus, the court finds that to the extent the complaint is directed against these defendants in their individual capacities, the court lacks subject matter jurisdiction, as these defendants are immune from suit.
Additionally, these defendants claim and the court so finds CT Page 7773 that, if these defendants were named as individuals, service of process by the plaintiff or Vancellette violates the requirements of General Statutes § 52-50 and service by certified mail violates the requirements of General Statutes § 52-57.
Two defendants have moved for Summary Judgment rather than dismissal.
The allegations of paragraph fifteen of the complaint are directed toward the defendant in paragraph fifteen appear to allege that the plaintiff is a co-owner of mastiff litter #WP695222, which the AKC had registered to the plaintiff and then subsequently registered to Marjorie Marion. The plaintiff alleges that by changing the registration of the litter and communicating this information to him, the AKC has (1) violated the plaintiffs property rights pursuant to the due process clause of thefourteenth amendment to the United States constitution and his civil rights provided by 42 U.S.C. § 1983, 1985 and 1986, and (2) has injured him by conversion, theft, fraud and mail fraud.[2] On January 12, 1998, AKC moved for summary judgment on all the claims asserted against it, pursuant to Practice Book § 379, now Practice Book (1998 Rev.) § 17-44. The plaintiff did not respond.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). The party moving for summary judgment "is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co.of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). "[Summary] judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. N.A. v. Reckert, 33 Conn. App. 702, 712, 638 A.2d 44
(1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material facts, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haeschev. Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, CT Page 7774 supra, 795. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Joe's Pizza, Inc. v. Aetna Life and Casualty Co.,236 Conn. 863, 871 n. 13, 675 A.2d 441 (1996).
The plaintiff claims that since he is a co-owner of the mastiff litter #WP695222, the AKC's change in registration of the litter to Marjorie Marion violated the plaintiff's due process rights and civil rights under 42 U.S.C. § 1983, 1985 and1986.
"The Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." Rendell-Baker v. Kohn, 457 U.S. 830, 837,102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).
"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Wilson v.Hryniewicz, 38 Conn. App. 715, 720-21, xx A.2d xx, cert. denied,235 Conn. 918, 665 A.2d 610, 663, 1073 (1995). The plaintiff has not alleged that any state or government actors were involved in the registration. His claims in paragraph fifteen of the complaint are directed to the AKC and Marjorie Marion, identified as the plaintiff's mother. (Complaint, ¶ 2(a).) The AKC is a not-for-profit, private corporation engaged in the business of registering dogs. (Affidavit of Janet Gaff [Affidavit], ¶¶ 6-7.) It registers dogs on the basis of information provided to it in the registration application by the applicant. (Affidavit, ¶¶ 7, 9.) Looking at the evidence in favor of the plaintiff, the court cannot find that the AKC's change in registration of the litter to Marjorie Marion, assuming the plaintiff is a co-owner of the litter, is an interference with a federal right of the plaintiff by a person acting under the color of state law.
Thus, the court finds that the plaintiff, even as a co-owner of the litter, does not have a cause of action against the AKC pursuant to the due process clause of thefourteenth amendment to the United States constitution or 42 U.S.C. § 1983.
"An individual may seek damages under 42 U.S.C. § 1985
for conspiracy to interfere with that individual's civil rights CT Page 7775 if two or more persons conspire to deprive the individual of equal protection or equal privileges and immunities under the laws of the United States. Under 42 U.S.C. § 1986, any person who has knowledge of wrongs being done under 42 U.S.C. § 1985
and who refuses to act to prevent such unlawful acts, shall be liable to the injured party for their neglect to prevent the conspiracy." Koch v. Mirza, 869 F. Sup. 1031, 1036 (W.D.N Y 1994). Looking at the evidence in favor of the plaintiff, the court cannot find that the AKC's change in registration of the litter to Marjorie Marion, assuming the plaintiff is a co-owner of the litter, constitutes a conspiracy or knowledge of a conspiracy that interfered with the plaintiff's civil rights.
Thus, the court finds that the plaintiff does not have a cause of action pursuant to 42 U.S.C. § 1985 and 1986 against the AKC.
"Conversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized. assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." (Citation omitted; internal quotation marks omitted.) Devitt v.Manulik, 176 Conn. 657, 660, 410 A.2d 465 (1979).
A person commits a theft or larceny when "with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner." (Internal quotation marks omitted.)Lawson v. Whitey's Frame Shop, 42 Conn. App. 599, 606,682 A.2d 1016 (1996), rev'd on other grounds, 241 Conn. 678, 697, A.2d 1137 (1997).
The AKC does not engage in the business of determining legal ownership of the dogs it registers. (Affidavit, ¶ 8.) The AKC does not resolve ownership disputes involving the dogs it registers. (Affidavit, ¶ 9.) The AKC registered mastiff litter #WP695222 based on the information provided to it. (Affidavit, ¶ 9.) A registration by the AKC is not an endorsement of ownership to the registrant. (Affidavit, ¶ 15.) Looking at the evidence in favor of the plaintiff, the court CT Page 7776 cannot find that the AKC's change in registration of the litter to Marjorie Marion, assuming the plaintiff is a co-owner of the litter, constitutes conversion or theft of the plaintiff's property.
Thus, the court finds that the plaintiff does not have a cause of action based in conversion or theft against the AKC.
"Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed. . . . The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." (Citations omitted; internal quotation marks omitted.) Muller v. Muller, 43 Conn. App. 327,337, 682 A.2d 1089 (1996).
"The manifest purpose of the mail fraud statute is the protection of the post office from use in the execution of frauds." State v. McKenna, 188 Conn. 671, 681 n. 12, 453 A.2d 435
(1982), quoting United States v. Bohonus, 628 F.2d 1167, 1170
(9th Cir.), cert. denied, 447 U.S. 928, 100 S.Ct. 3026,65 L.Ed.2d 1122 (1980). The elements of the mail fraud statutes require knowing use of mail communications in interstate commerce to further a scheme to defraud one of money or property. Celpaco,Inc. v. MD Papierfabriken, 686 F. Sup. 983, 989 n. 7 (D. Conn. 1988).
Looking at the evidence in favor of the plaintiff, the court cannot find any indication that the AKC's actions or interstate communications induced the plaintiff or furthered a scheme to induce the plaintiff to relinquish his ownership of his property. Thus, the court finds the plaintiff does not have a cause of action in fraud or wire fraud against the AKC.
For all the foregoing reasons, the court finds as a maker of law that the AKC is not liable to the plaintiff on any of the allegations made by the plaintiff and grants the AKC's motion for summary judgment.
The allegations of paragraph twenty-one of the complaint are directed toward Linda Groh. The statements in this paragraph appear to allege that defendant Groh assaulted the plaintiff, CT Page 7777 deprived him of his right to free speech and filed a false complaint causing him to be assaulted kidnaped, arrested and imprisoned for ten hours by the police on January 23, 1993.[3]
The plaintiff instituted the action on November 24, 1997, by service of process on defendant Groh. (Affidavit of Vancellette.) On January 9, 1998, defendant Groh moved for summary judgment on the grounds of statute of limitations and res judicata. The plaintiff argues that the claims asserted against her by the plaintiff are time-barred by General Statutes §§ 52-577 and 52 584. The plaintiff did not respond.
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996). "If a defendant chooses to postpone raising a time limitation as a bar to the plaintiff's cause of action by way of a special defense, in favor of obtaining an earlier disposition by way of summary judgment, we see no reason why he should not be allowed to do so. Limitation defenses are procedural and can be waived." Girard v. Weiss,43 Conn. App. 397, 416, 682 A.2d 1978, cert. denied, 239 Conn. 946,686 A.2d 121 (1996). "Facts that are not alleged in a complaint may be added to the procedural mix and facts in avoidance of the statutory time limitation of action can be considered in a motion for summary judgment. . . ." (Citation omitted.) Id.
General Statutes § 52-577 provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The Connecticut three-year limitation period is the operative statute of limitations for tort actions based on federal constitutional and civil rights. Williams v. Walsh, 558 F.2d 667, 673 (2d Cir. 1977); Orticelli v. Powers, 197 Conn. 9, 16, 495 A.2d 1023
(1985). "When conducting an analysis under § 52-577, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449,451, 671 A.2d 1329 (1996).
Looking at the evidence in favor of the plaintiff, the court finds that more than three years had passed from the alleged actions of defendant Groh on January 23, 1993 and the commencement of the action by the plaintiff on November 24, 1997. CT Page 7778
Thus, defendant Groh's motion for summary judgment on the ground of statute of limitations is granted.[4]
Potter, J.