## No. 13,601.

CREWS-BEGGS DRY GOODS COMPANY *v.* BAYLE.

(51 P. [2d] 1026)

Decided November 12, 1935.

Messrs. BURRIS & RIBAR, for plaintiff in error.

Messrs. LANGDON & BARBRICK, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT in error, plaintiff below, obtained judgment on a jury verdict, against plaintiff in error, in the sum of $500 as damages for false imprisonment. Plaintiff in error, herein designated as defendant, assigns error.

Plaintiff alleged that November 4, 1933, the defendant, a corporation operating a department store in Pueblo, Colorado, through its agents, servants and employees, imprisoned her at its store without probable cause, and in the presence of customers rudely and roughly searched her person, and accused her of having stolen articles of merchandise; that by the insulting and oppressive conduct of defendant's employees, she was injured in her credit and reputation, and caused great mental anguish. Defendant's answer was a denial of the material allegations.

Briefly stated, the evidence discloses that plaintiff, in company with her sister, visited the hose counter of the men's department in the basement of defendant's store; that after looking at some hose and without making a purchase, she started to leave the store and was part way up the steps leading from the basement, when Leonard Weber, an employee in the department, stopped her. The testimony of plaintiff and her sister is to the effect that plaintiff was at the stocking counter; that after looking at some stockings she laid them down and started up the steps when someone called, "Hey, hey, hey"; that they looked around and a clerk ran up the steps, grabbed plaintiff's coat, jerked it out and said, "You needn't hide those stockings under your coat, where are those stockings you took?" Plaintiff said, "What stockings?" The employee was holding her coat out, which she had been holding together, and she then opened her coat so that he could see there was nothing there. The employee looked all over her, then on the floor and then his face got red and he walked away. The evidence is conflicting as to exactly what was said and done at this moment; however, the pertinent parts

of the testimony of Weber, the employee, testifying for the defendant, are as follows:

"Q. It is your duty, is it not Mr. Weber, to see that your goods are not stolen when you are working there as a clerk? A. Yes, sir.

\* \* \* \* \* \* \* \* \*

"Q. You accused this woman on the steps when you stopped her, of taking these socks? A. Yes, sir.

"Q. You said you wanted to see the socks, didn't you? A. Yes.

"Q. Why did you say that? A. Because I thought she had the socks.

\* \* \* \* \* \* \* \* \*

"Q. When you went up and stopped this woman on the stairs and said 'Let me see those socks,' what did you intend to do? A. Report her to the manager as a shoplifter.

"Q. Report her to the manager for shoplifting? And keep her there until Mr. Dare came, is that correct? A. Yes, sir.

\* \* \* \* \* \* \* \* \*

"Q. At any rate, you stopped her on the stairs and asked for the socks? A. I stopped her on the stairs."

The errors assigned may be summarized as follows: (1) Overruling demurrer to the complaint; (2) overruling demurrer at the close of plaintiff's case; (3) denial of a motion for directed verdict. In support of the assignments, the defendant contends that the evidence did not establish that plaintiff had been deprived of her liberty; that the evidence of false imprisonment or unlawful restraint was insufficient to go to the jury; that the evidence was insufficient to establish that the agent or servant was acting within the scope of his employment; that the evidence was insufficient as to any damage; and that plaintiff failed to meet the burden upon her to establish that the clerk was acting within the scope of his employment.

The first assignment of error is based upon the

overruling of defendant's demurrer to the complaint on the ground that it did not state a cause of action against the defendant, and more particularly for the reason that it is not charged therein that plaintiff was falsely imprisoned, unlawfully imprisoned or imprisoned against her will; which allegations are essential to an action for false imprisonment, such as this is. This was an oral demurrer and was first presented at the close of the evidence. This was overruled by the court and then followed defendant's motion for a directed verdict for the reasons: That the evidence is insufficient as to the claim for damages; that there is not sufficient evidence of unlawful restraint to justify the submission of the issue to the jury; that the evidence is insufficient to show that the agent was acting within the scope of his employment, and that it is insufficient to establish that plaintiff suffered any damage whatever. This motion also was overruled.

The case as made, by both plaintiff and defendant, was on conflicting evidence submitted to the jury upon instructions which we assume were satisfactory to the defendant, as no objection thereto is now presented. Under such circumstances, the verdict will not be disturbed, if supported by any competent evidence, and we conclude from our examination of the record that it is amply supported thereby.

There is not a fact disclosed by the testimony that would show a justification for the acts of the employee of defendant in effectuating the submission by plaintiff to the apparent intention of interfering with her freedom of movement. Without a showing of justification, any restraint, either by force or fear, is unlawful and constitutes a false imprisonment. This is a well settled rule and is approved by this court in *Kettelhut v. Edwards,* 65 Colo. 506, 177 Pac. 961. Physical force is not required to complete a false imprisonment. Viewing the testimony in the light most favorable to defendant, the jury had a right to, and undoubtedly did,

believe that defendant's employee, Weber, placed a restraint upon plaintiff. If the jury believed the testimony of plaintiff and her sister, then they could have found a restraint and imprisonment by physical force. If they believed that of Weber, the employee, then they could find a restraint and imprisonment without physical force. In either view of the testimony, there was a prevention by Weber of plaintiff's free movements according to her desire, and the action of Weber controlled her, in opposition to her will, for the brief period involved. Such, being without a showing of justification, constituted a false, and not a true, imprisonment.

Upon cross-examination, Weber testified that it was his duty to see that goods were not stolen when he was working there as a clerk. That he was employed as a clerk and in charge and custody of his employer's goods is in no way denied. Had he, as such agent or employee, detained another in the actual theft of his employer's goods, his authority could not be, and likely would not have been, questioned by his employer. Such authority may be implied from the relationship which he testified existed between he and his employer, and it is not necessary that the authority, thus exercised, be expressly conferred or that the employee be specifically authorized to do the thing of which complaint is here made. That the acts of Weber occurred during and in the course of his employment, and that they were within the scope of such employment, seems sufficiently established by the evidence.

The judgment is right and therefore is affirmed.

Mr. Justice Bouck not participating.