The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
October 2, 2025

## 2025COA80

**No. 24CA0079, *Mosley v. Daves* — Civil Action for Deprivation of Rights; Constitutional Law — Fourth Amendment — Searches and Seizures — Warrantless Search; Civil Jury Instructions — Affirmative Defenses**

In a case of first impression, a division of the court of appeals holds that legal justification for a warrantless search is an affirmative defense that the defendant must prove in a civil action under section 13-21-131, C.R.S. 2025.  The division also holds that the trial court properly limited expert testimony and properly excluded evidence of a gun found during the protective sweep. Finally, the division holds that the trial court's award of attorney fees and costs to the plaintiff was reasonable, and it remands the case for the trial court to determine the plaintiff's reasonable appellate attorney fees.

Court of Appeals No. 24CA0079
Arapahoe County District Court No. 22CV31471
Honorable Elizabeth Beebe Volz, Judge

Christopher Mosley,

Plaintiff-Appellee,

v.

Brendan Daves,

Defendant-Appellant.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE MEIRINK
Gomez and Bernard*, JJ., concur

Announced October 2, 2025

Frank Law Office LLC, Adam Frank, Denver, Colorado, for Plaintiff-Appellee

Peter A. Schulte, City Attorney, Gillian Fahlsing, Assistant City Attorney, Gregory R. Bueno, Assistant City Attorney, Aurora, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    After defendant, Aurora Police Department Officer Brendan Daves, searched the vehicle of plaintiff, Christopher Mosley, without a warrant, Mosley filed a lawsuit under section 13-21-131, C.R.S. 2025, asserting a violation of his constitutional rights.  The jury returned a verdict in Mosley's favor, and the trial court granted Mosley's motion for attorney fees and costs and entered judgment accordingly.

¶ 2    As an issue of first impression, Daves argues that the trial court erred by instructing the jury that, in Mosley's section 13-21-131 action challenging a warrantless search, Daves had the burden of proving the affirmative defense that the search was reasonable. We disagree with Daves and conclude that the trial court properly instructed the jury that Daves had the burden of proving that affirmative defense.

¶ 3    We therefore affirm the judgment and remand the case to the trial court to determine Mosley's reasonable appellate attorney fees and costs.

## I.    Factual Background

¶ 4    In April 2021, Daves pulled Mosley over because the vehicle Mosley was driving did not have a license plate.  Daves ordered

1

Mosley to exit the vehicle and patted him down. Daves did not find a weapon during the pat-down. Daves ordered Mosley to sit on the bumper of the police vehicle while Daves ran a brief search of his driver's license and continued to observe his demeanor. Daves testified that, after running the search, he was going to let Mosley go and "write him a summons or issue him a warning" for the license plate violation. Before doing so, however, Daves searched Mosley's vehicle. Daves did not have a warrant to conduct the search.

¶ 5    Mosley sued Daves under section 13-21-131, alleging that Daves's warrantless search violated article II, section 7, of the Colorado Constitution, which prohibits unreasonable searches and seizures.

¶ 6    Following the jury's verdict in favor of Mosley, the court awarded Mosley attorney fees and costs as the prevailing party under section 13-21-131(3) and C.R.C.P. 54(b). Daves appeals.

## II.    Analysis

¶ 7    Daves contends that the trial court erred by (1) incorrectly stating the law in its jury instructions with respect to the Fourth Amendment, thereby impermissibly shifting the burden of proof to

2

him; (2) precluding Daves's expert from testifying about how officers are trained to determine if there is reasonable suspicion to conduct a protective sweep; (3) excluding evidence obtained from Daves's protective sweep of Mosley's vehicle; and (4) awarding Mosley $130,987 in attorney fees and $3,405 in costs. We disagree with each contention.

### A. The Trial Court Properly Instructed the Jury that the Reasonableness of a Warrantless Search is an Affirmative Defense

¶ 8 Daves first contends that the trial court erroneously instructed the jury that, once Mosley met his burden of proving that Daves searched his vehicle without a warrant, the burden shifted to Daves to prove, as an affirmative defense, that the search was reasonable. We disagree.

### 1. Additional Applicable Facts

¶ 9 At trial, Daves argued that he had a reasonable suspicion to expand Mosley's traffic stop and that Daves's protective sweep of the vehicle was legal under the circumstances. The court ruled that Daves's proffered legal justification was an affirmative defense and thus Daves had the burden of proving the elements of that defense.

¶ 10    Both Mosley and Daves submitted proposed jury instructions. The court reviewed them, provided the parties with a preliminary draft, and held a jury instruction conference. The final jury instructions provided that Daves's claim of legal justification was an affirmative defense that he had to prove by a preponderance of the evidence. Although Daves proposed an instruction that placed the burden of proof on Mosley and argued during the instruction conference that the burden should be Mosley's, Daves did not object to the final draft of the instructions.

¶ 11    In relevant part, the trial court gave the following jury instructions:

Instruction No. 1

The plaintiff Christopher Mosley claims that on April 25, 2021, the defendant Brendan Daves, a police officer, violated Mr. Mosley's constitutional right to be free from unreasonable searches, by unjustifiably searching Mr. Mosley's automobile without a warrant.

The defendant, Brendan Daves, does not dispute that he is a police officer, nor does he dispute that he searched plaintiff's vehicle without a warrant. However, as an affirmative defense, defendant asserts that he was justified in conducting a protective sweep of

4

the vehicle, an exception to the warrant requirement.

. . . .

Instruction No. 7

For the plaintiff, Christopher Mosley, to recover from the defendant, Brendan Daves, on his claim of violation of a constitutional right, you must find that all of the following have been proved by a preponderance of the evidence:

1. Defendant Brendan Daves is a "Peace Officer."

2. On or about April 25, 2021, Defendant Brendan Daves, acting in his capacity as a Peace Officer, searched Plaintiff Christopher Mosley's vehicle.

3. At the time of the search Defendant Brendan Daves did not have a warrant for such search.

If you find that any one or more of these three statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these three statements have been proved, then you must consider the affirmative defense of an exception to the constitutional warrant requirement allowing for a "protective sweep" of a vehicle.

If you find that this affirmative defense has been proved by a preponderance of the

evidence, then your verdict must be for the defendant.

However, if you find that this affirmative defense has not been proved, then your verdict must be for the plaintiff.

The court also provided jury instructions regarding the warrant requirement and the protective sweep exception to the warrant requirement.

### 2. Standard of Review and Applicable Law

¶ 12     We review de novo whether a trial court's jury instructions correctly informed the jury of the law. *Day v. Johnson*, 255 P.3d 1064, 1067 (Colo. 2011). If the trial court's instructions were an accurate statement of the law, "we review [the] court's decision to give a particular jury instruction for an abuse of discretion." *Wolven v. Velez*, 2024 COA 8, ¶ 10 (quoting *Day*, 255 P.3d at 1067). Trial courts have broad discretion to determine the form and style of jury instructions. *Day*, 255 P.3d at 1067. Thus, a court abuses its discretion when deciding whether to provide a particular jury instruction only when the ruling is "manifestly arbitrary, unreasonable, or unfair." *Id.*

## a. Warrantless Searches

¶ 13    Section 13-21-131(1) "authorizes a private right of action against a peace officer 'who, under color of law, subjects or causes to be subjected . . . any other person to the deprivation of any individual rights . . . secured by the bill of rights, article II of the state constitution.'" *Woodall v. Godfrey*, 2024 COA 42, ¶ 11 (quoting § 13-21-131(1)).  Article II, section 7, of the Colorado Constitution guarantees the right to be free from unreasonable searches and seizures.  *Id.* at ¶ 12.  A warrantless search is presumptively unreasonable under the Fourth Amendment of the United States Constitution and article II, section 7, of the Colorado Constitution, subject to only a few narrowly delineated exceptions.[1] *People v. Berdahl*, 2012 COA 179, ¶ 16.

¶ 14    In criminal cases, the prosecution bears the burden of establishing that a warrantless search falls within one of the exceptions to the warrant requirement.  *People v. Pate*, 71 P.3d 1005, 1010 (Colo. 2003).  The protective sweep doctrine is one such

---

[1] "[T]he Fourth Amendment of the United States Constitution is 'almost identical' to article II, section 7 of the Colorado Constitution." *Woodall v. Godfrey*, 2024 COA 42, ¶ 13 (quoting *People v. Rister*, 803 P.2d 483, 489 (Colo. 1990)).

exception that allows police to search a vehicle without a warrant when they have a reasonable suspicion that there are weapons in the vehicle. *See People v. Allen*, 2019 CO 88, ¶ 16 (permitting "an officer who has an articulable and objectively reasonable belief that a motorist is armed and dangerous to conduct a protective search for weapons").

### b. Affirmative Defenses in Civil Cases

¶ 15    An affirmative defense in a civil case is a defense that justifies or negates liability for conduct that would otherwise result in liability.[2] *See State v. Nieto*, 993 P.2d 493, 507 (Colo. 2000). An affirmative defense does not merely deny an element of the plaintiff's claim; rather, an affirmative defense is "a legal argument that a defendant . . . may assert to require the dismissal of a claim or to prevail at trial." *Id.*; *see also Soicher v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 46, ¶ 18 ("An affirmative defense is '[a]

---

[2] Affirmative defenses are typically asserted in an answer. *See* C.R.C.P. 8(c); *Marso v. Homeowners Realty, Inc.*, 2018 COA 15M, ¶¶ 9-10, 13 (affirming district court's decision allowing defendant to amend answer to include affirmative defense of setoff shortly before trial). Over Mosley's objection, the court allowed Daves to amend his answer shortly before trial to include the protective sweep exception as an affirmative defense. This amendment, however, is not at issue on appeal.

defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim even if all the allegations in the complaint are true.'" (quoting Black's Law Dictionary 509 (10th ed. 2014))).

¶ 16     The burden of proving an affirmative defense in a civil case rests upon the defendant asserting the defense, and the defendant bears the burden of proving any affirmative defense by a preponderance of the evidence. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1057 (Colo. 1992). It is not a plaintiff's burden to produce the evidence on which the affirmative defense is predicated; rather, the affirmative defense must be pleaded by the defendant, and "the burden of proving the same is also on [the defendant]." *Comfort Homes, Inc. v. Peterson*, 549 P.2d 1087, 1090 (Colo. App. 1976).

¶ 17     The Colorado Pattern Civil Jury Instructions also indicate that the defendant has the burden of proving an affirmative defense:

> 1. The plaintiff has the burden of proving . . . claim(s) by a preponderance of the evidence.
>
> 2. The defendant has the burden of proving . . . affirmative defense(s) by a preponderance of the evidence.

> 3. To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not.
>
> 4. "Burden of proof" means the obligation a party has to prove . . . claim(s) or defense(s) by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you.

CJI-Civ. 3:1 (2025) (defining burden of proof and preponderance of evidence).

¶ 18    Colorado courts have long recognized that a defendant's claim of legal justification is an affirmative defense in certain civil cases concerning constitutional rights. *See, e.g., Crews-Beggs Dry Goods Co. v. Bayle*, 51 P.2d 1026, 1028 (Colo. 1935) (treating legal justification as an affirmative defense and holding that, without a showing of justification for detaining a suspected shoplifter, "any restraint, either by force or fear, is unlawful and constitutes a false imprisonment"); *White v. Pierson*, 533 P.2d 514, 516 (Colo. App. 1974) ("In an action for false arrest, the issue of probable cause, or legal justification to arrest, is a substantive matter of affirmative

defense, which, if proven, constitutes a complete bar to [a] plaintiff's claim for relief.").[3]

### 3.    Discussion

¶ 19    Daves contends that the trial court erred by instructing the jury that the reasonableness of a warrantless search was an affirmative defense that the defendant must prove by a preponderance of the evidence in a section 13-21-131 action.

¶ 20    As an initial matter, Mosley claims this issue was unpreserved and should not be considered on appeal because Daves did not object to the trial court's final instructions.  *See Madalena v. Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50 ("It is axiomatic that in civil cases, issues not raised in or decided by the trial court generally will not be addressed for the first time on appeal." (citation omitted)).

---

[3] The Colorado Pattern Civil Jury Instructions also treat claims of legal justification raised by a defendant as an affirmative defense in certain contexts.  *See, e.g.,* CJI-Civ. 21:11 (2025) (recognizing that the privilege of a peace officer to arrest without a warrant is an affirmative defense).  Similarly, the pattern instruction on the elements of liability for a false imprisonment or arrest claim state that "legal justification is treated as a matter of affirmative defense." CJI-Civ. 21:1 source and authority (2025) (citing *Crews-Beggs Dry Goods Co. v. Bayle*, 51 P.2d 1026, 1028 (Colo. 1935)); *accord Goodboe v. Gabriella*, 663 P.2d 1051, 1057 (Colo. App. 1983) (noting that legal justification is treated as an affirmative defense).

¶ 21    We disagree.  While Daves may not have used the words

"affirmative defense," he submitted a proposed instruction that

placed the burden on Mosley, and he argued at the instruction

conference that the burden should be placed on Mosley.  *See People*

*v. Melendez*, 102 P.3d 315, 322 (Colo. 2004) (noting that parties are

not required to use "talismanic language" to preserve a particular

argument on appeal and that a claim is preserved if the trial court

was presented with an "adequate opportunity to make findings of

fact and conclusions of law" on the issue).

¶ 22    While no published Colorado case has addressed this precise

issue, we hold, for several reasons, that justification for a

warrantless search is an affirmative defense that the defendant

must prove in a section 13-21-131 action.  We therefore conclude

that the trial court properly instructed the jury.

¶ 23    First, Daves's argument is, at its core, an affirmative defense.

Daves does not deny any element of Mosley's claim.  Likewise,

Daves does not deny or argue that Mosley failed to meet an element

of the claim.  Daves concedes that he searched Mosley's vehicle

without a warrant in his capacity as a peace officer but argues that

the protective sweep was justified under the circumstances, thereby

excusing him from any liability under the statute. An affirmative defense is distinguishable from a general denial because it provides the defendant with the opportunity to offer legal justification for committing the act in question without incurring liability. *See Soicher*, ¶ 18. This is precisely what Daves attempted to do at trial.

¶ 24 Second, the jury instructions the trial court provided are consistent with case law and the pattern civil instructions, which place the burden on the defendant to prove an affirmative defense by a preponderance of the evidence. *See, e.g., W. Distrib.*, 841 P.2d at 1058-59 ("[T]he defendant bears the burden of proving by a preponderance of the evidence any affirmative defense to the plaintiff's . . . claim.").

¶ 25 Third, the trial court's instructions also align with the existing case law that says a protective sweep is a legal justification or exception to the warrant requirement the People must prove. *See People v. Brant*, 252 P.3d 459, 462 (Colo. 2011); *People v. Altman*, 938 P.2d 142, 146 (Colo. 1997); *People v. Litchfield*, 918 P.2d 1099, 1103 (Colo. 1996).

¶ 26 Finally, though ample state law supports characterizing an officer's claim of legal justification as an affirmative defense, most

federal circuits that have analyzed the issue in the context of a civil rights claim filed under 42 U.S.C. § 1983[4] — including the Tenth Circuit Court of Appeals — have done the same. *See, e.g., Armijo ex rel. Armijo Sanchez v. Peterson*, 601 F.3d 1065, 1070 (10th Cir. 2010) (concluding that, in a § 1983 case, the officer bears the burden of establishing a warrant exception existed to justify a warrantless entry); *Mascorro v. Billings*, 656 F.3d 1198, 1205 (10th Cir. 2011) (In a § 1983 action, "[t]he burden is on the government to demonstrate the existence of exigent circumstances" justifying a warrantless entry.).

¶ 27    The Second, Third, Sixth, and Ninth Circuit Courts of Appeals also follow the majority view that, in the context of a § 1983 claim, the burden shifts to the government to prove the affirmative defense of exigent circumstances justifying a warrantless search or seizure. *See McCardle v. Haddad*, 131 F.3d 43, 48 (2d Cir. 1997) ("If it is established that the place or object subjected to the warrantless

---

[4] Section 13-21-131(1), C.R.S. 2025, is like, but not identical to, 42 U.S.C. § 1983, which authorizes a private right of action against a person "who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Woodall*, ¶ 13 (quoting § 1983).

14

search is one in which the plaintiff has a reasonable expectation of privacy, the defendant has the burden of showing that the search was valid because it fell within one of the exceptions to the warrant requirement."); *Parkhurst v. Trapp*, 77 F.3d 707, 711 (3d Cir. 1996) ("To excuse the absence of a warrant, the burden rests on the State to show the existence of . . . exceptional situations."); *Hardesty v. Hamburg Township*, 461 F.3d 646, 655 (6th Cir. 2006) ("The government bears the burden of proving that exigent circumstances such as a medical emergency existed to justify a warrantless search."), *abrogated on other grounds by*, *Florida v. Jardines*, 569 U.S. 1 (2013); *Hopkins v. Bonvicino*, 573 F.3d 752, 764 (9th Cir. 2009) (recognizing that, "as with other exceptions to the warrant requirement, the [g]overnment bears the burden of demonstrating that the search at issue meets the[] parameters" of the emergency exception (citation omitted)).

¶ 28    We therefore conclude that the court correctly stated the law by instructing the jury that the reasonableness of a warrantless search in a section 13-21-131 action is an affirmative defense that the defendant has the burden of proving by a preponderance of the evidence.

B.     The Trial Court Properly Limited Daves's Expert's Testimony

¶ 29     Daves argues that the trial court abused its discretion by precluding Daves's expert from testifying about how the Aurora Police Department (APD) trains its officers to determine whether reasonable suspicion exists.  We disagree.

1.     Additional Applicable Facts

¶ 30     Daves endorsed Kevin Smyth, a sergeant with the APD, as a nonretained expert in police practices and training in the use of force, arrest control techniques, and officer safety procedures.  Smyth was a training manager for the APD and served as an expert witness in civil litigation cases.  He reviewed the body camera video, police reports, and deposition transcripts to prepare his testimony.  Smyth intended to testify about the APD's training procedures for protective sweeps.  Based on his review of the traffic stop, Smyth also planned to testify that Daves made a "reasonable decision to conduct a protective sweep of the vehicle" before Mosley was permitted to return to it.

¶ 31     Mosley moved to strike Daves's endorsement of Smyth on the grounds that Smyth's job status as an in-house expert and his proposed testimony concerning the legality of Daves's conduct were

16

that of a retained expert, and Daves had not made the necessary disclosures. Mosley also filed a motion under CRE 702, 703, and 704 to preclude Smyth from testifying that, in his opinion, the search complied with the APD's procedures and was justified because such testimony would infringe on the jury's role of determining whether the search was reasonable.

¶ 32    The trial court concluded that, as a nonretained expert, Smyth could provide testimony on the standards for training and supervising patrol officers on traffic stops because such testimony fell "under the umbrella of a non-retained expert," but Smyth could not testify that, based on his review of the case, Daves's conduct "complied with or was reasonable pursuant to the department's practices and procedures" because such testimony would usurp the jury's role.

¶ 33    Similarly, the trial court ruled that it would be unhelpful for the jury to allow Smyth to define the term "reasonable suspicion" or to discuss how the term was explained to APD trainees because the proffered testimony was too close to the ultimate question to be determined by the jury. Accordingly, the court precluded Smyth from defining the term "reasonable suspicion."

### 2. Standard of Review and Applicable Law

¶ 34    Trial courts have "broad discretion" to determine the admissibility of expert testimony, and the exercise of that discretion will not be overturned absent an abuse of discretion. *Est. of Ford v. Eicher*, 220 P.3d 939, 942 (Colo. App. 2008), *aff'd*, 250 P.3d 262 (Colo. 2011). The trial court is afforded this discretion because of its superior opportunity to determine the competence of the expert and the extent to which their opinion would be helpful to the jury. *Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 64. Thus, a trial court's exercise of its discretion in this regard will not be overturned unless "manifestly erroneous." *Id.*

¶ 35    Pursuant to CRE 702, expert testimony is admissible if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." However, an expert may not usurp the function of the court by expressing an opinion of the applicable law or legal standards. *Quintana v. City of Westminster*, 8 P.3d 527, 530 (Colo. App. 2000). Thus, to the extent that an expert intends to testify about the correct legal standard, the testimony is inadmissible. *See Black v. Black*, 2018 COA 7, ¶ 113.

## 3. Discussion

¶ 36    Daves argues that the court's decision to preclude Smyth's reasonable suspicion testimony prevented the jury from understanding how these factors impact an officer's decision to conduct a protective sweep. We disagree.

¶ 37    The court held a lengthy conference with the parties detailing the scope of Smyth's proposed testimony and concluded that permitting Smyth to testify on the reasonable suspicion standard was too close to the issue the jury would decide. Trial courts "have an obligation to serve as gatekeepers regarding the propriety of expert testimony." *Lawrence v. People*, 2021 CO 28, ¶ 43. Because there was a high likelihood that the jury would be confused and might think Smyth was defining a legal term, the trial court properly exercised its gatekeeping role by not permitting him to give testimony on reasonable suspicion.

¶ 38    Additionally, during trial, the court permitted Smyth to testify about officer safety tactics, explain the risks involved in traffic stops, define and discuss the "six hazards of approach," and identify cues that he trains officers to look for when determining whether they should conduct a search after stopping a vehicle.

Smyth was able to testify to all this pertinent information without mentioning how reasonable suspicion is defined within the APD training materials.

¶ 39    Finally, the jury instructions setting forth the reasonable suspicion standard to warrant a protective sweep were accurate and tracked the relevant case law:

> [T]he warrant requirement is subject to certain well-delineated exceptions. One such exception permits an officer to conduct a protective search for weapons, known as a "protective sweep." An officer is entitled to conduct a protective sweep of the areas of a vehicle's passenger compartment where a weapon may be placed or concealed, so long as the officer possesses a "reasonable suspicion" that an occupant of the vehicle may be dangerous and may gain immediate control of a weapon.
>
> A "reasonable suspicion" is a suspicion that arises from specific and articulable facts known to the officer, taken together with rational inferences from those facts. It is not a mere generalized suspicion or hunch.
>
> The scope and character of the protective sweep must be reasonably related to the purpose of ensuring the safety of the officer and others who may be present.

*See, e.g., Altman*, 938 P.2d at 146 (recognizing that an officer must "possess[] a reasonable belief based on specific and articulable facts

that the suspect is dangerous and may gain immediate control of weapons" to conduct a protective sweep); *People v. Moreno*, 2022 CO 19, ¶ 15 (noting that the jury could not only consider the facts known to the officer, but could also make "rational inferences from those facts" (citation omitted)); *People v. Wheeler*, 2020 CO 65, ¶ 13 ("[A] reasonable suspicion must be based on more than a mere generalized suspicion or hunch."). The jury instructions also discussed the interplay between a reasonable suspicion and a protective sweep.

¶ 40    Likewise, we are unpersuaded by Daves's argument that the court erred by declining to give his proposed supplemental instruction on reasonable suspicion and protective sweep:

> A protective sweep is a search of the passenger compartment of a vehicle, which is limited to the areas in which a suspect may place or hide a weapon. A protective sweep is permissible if the officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inference from those facts, reasonably warrant the officer in believing that the suspect is dangerous and he may gain immediate control of a weapon when he is in the driver's seat of the vehicle.
>
> Traffic stops are potentially violent encounters and, therefore, if appropriate facts exist to justify an officer's concern, a search may be

> justified by safety considerations. The goal of a protective sweep is to secure a vehicle so that when the occupant is returned to the vehicle, he is not likely to injure the officer.

Daves contends that, unlike the final jury instructions, his proffered instruction fully conveyed the applicable legal principles.

¶ 41    Based on a comparison of Daves's proposed instruction and those given by the trial court, we disagree. Both instructions define a protective sweep, limit the boundaries of the search to the vehicle's passenger compartment, and discuss officer safety. Although Daves's instructions provide more subjective information from a law enforcement officer's perspective, both were correct statements of the law, and we cannot say the trial court abused its discretion by declining to give Daves's proposed instructions.

¶ 42    We therefore conclude that the trial court accurately defined reasonable suspicion in its jury instructions and did not abuse its discretion by precluding Smyth from testifying on the reasonable suspicion standard.

### C. The Trial Court Acted Within its Discretion in Excluding Evidence Obtained from Daves's Protective Sweep

¶ 43    Daves contends that the trial court abused its discretion by excluding evidence of a gun Daves found during the protective

22

sweep. Specifically, Daves argues that the gun was relevant to show that his initial protective sweep was limited to those areas that Mosley could have reached while sitting in the driver's seat, which in turn supported the argument that the search was reasonable. Again, we disagree.

### 1. Additional Applicable Facts

¶ 44 Prior to trial, each party moved in limine to exclude unfavorable evidence. After considering both motions, the trial court precluded Daves from introducing the gun found in the vehicle during the search.

### 2. Standard of Review and Applicable Law

¶ 45 Unless otherwise prohibited by law, all relevant evidence is admissible. CRE 402. Relevant evidence is any evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." CRE 401.

¶ 46 Relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." CRE 403. When reviewing a trial court's decision to admit evidence, "we accord the evidence its maximum probative value as weighed

23

against its minimum prejudicial effect." *Walker v. Ford Motor Co.*, 2015 COA 124, ¶ 46.

¶ 47     We review evidentiary rulings for an abuse of discretion. *Madalena*, ¶ 57. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair or is based on a misapplication or misunderstanding of the law. *State Farm Mut. Auto. Ins. Co. v. Goddard*, 2021 COA 15, ¶ 65.

### 3.     Preservation

¶ 48     Mosley contends that Daves failed to preserve the argument he now raises on appeal — that the trial court erred by excluding evidence of the gun — because he did not make the argument in his response to Mosley's motion in limine. We disagree.

¶ 49     A party can preserve an issue through motions in limine without a later trial objection, if "the issue of the admissibility of the specific evidence was fully argued to the trial court on the same grounds argued by the non-prevailing party on appeal." *Uptain v. Huntington Lab, Inc.*, 723 P.2d 1322, 1330-31 (Colo. 1986).

¶ 50     Mosley filed a motion in limine arguing that evidence obtained after the initial search was irrelevant. In his response, Daves argued that the court should not preclude him from proffering

24

evidence that, after finding the gun, Daves had further justification to conduct a search to determine if additional evidence was present. The trial court then issued a combined pretrial order, ruling that the sole issue for the jury to decide was whether the initial search was justified and that the evidence obtained from the search was irrelevant. Thus, the issue was preserved for appeal.

### 4. Discussion

¶ 51 Daves argues that the evidence obtained from the protective sweep should have been presented to the jury to demonstrate that the sweep's scope was lawful. We are unpersuaded.

¶ 52 The trial court thoroughly analyzed the parties' arguments pertaining to the admissibility of the evidence. The court highlighted that, while both parties agreed that Daves entered the vehicle three separate times, Mosley argued only that the initial search — the protective sweep — was unconstitutional. Therefore, the court concluded that the sole issue for the jury to decide was whether there was justification for the initial search, not whether there was justification for the subsequent searches. Accordingly, the trial court held that the evidence Daves intended to introduce, which was obtained during the initial search, was not relevant.

¶ 53    We therefore find no abuse of the trial court's discretion by excluding evidence obtained from searching Mosley's vehicle.

### D.    Trial Attorney Fees and Costs Were Reasonable

¶ 54    Daves argues that the trial court's award of attorney fees of $130,987 and costs of $3,405.10 to Mosley was unreasonable and based on an erroneous assessment of the evidence.  We disagree.

### 1.    Standard of Review and Applicable Law

¶ 55    We review a trial court's decision to award attorney fees and costs for an abuse of discretion.  *Anderson v. Pursell*, 244 P.3d 1188, 1193 (Colo. 2010).  A trial court abuses its discretion if its decision is "manifestly arbitrary, unreasonable, or unfair."  *Colo. Nat'l Bank of Denv. v. Friedman*, 846 P.2d 159, 167 (Colo. 1993) (citation omitted).  Further, the party requesting fees has the burden of proving entitlement to them.  *Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994).

¶ 56    Section 13-21-131(3) authorizes a trial court to award reasonable attorney fees to a prevailing plaintiff in an action brought under the statute.  To calculate a reasonable fee, a trial court shall start by multiplying the number of hours reasonably

expended on the matter by a reasonable hourly rate. *Anderson,* 244 P.3d at 1197.

## 2. Discussion

¶ 57 The trial court held a hearing on attorney fees at which the parties' experts testified on the hourly rates charged and hours spent on the litigation. The court thoroughly described its findings in its order awarding attorney fees and costs. The court found that the hourly rates were reasonable for attorneys with trial counsel's respective experience within their community. The court also concluded that some of the time spent was not reasonable and reduced the time devoted by each attorney accordingly. The court then multiplied the number of reasonable hours worked by the hourly rate for each attorney, for a total amount of $130,987 in attorney fees. Finally, the court addressed the amounts requested for costs related to the litigation and reviewed each line item of claimed costs.

¶ 58 Having reviewed the record and trial court's analysis, we discern no abuse of discretion in the trial court's award of attorney fees and costs.

## E. Appellate Attorney Fees

¶ 59 Finally, Mosley requests an award of appellate attorney fees and costs under section 13-21-131(3).

¶ 60 When a party has been awarded attorney fees for a prior stage of the proceedings, the party may recover reasonable attorney fees and costs for successfully defending the appeal. *Kennedy v. King Soopers Inc.*, 148 P.3d 385, 390 (Colo. App. 2006).

¶ 61 We exercise our discretion under C.A.R. 39.1 and remand the case to the trial court to determine the reasonable amount of attorney fees and costs that Mosley incurred in successfully defending the judgment on appeal.

## III. Disposition

¶ 62 We affirm the judgment and remand the case to the trial court to determine the amount of reasonable appellate attorney fees and costs to be awarded to Mosley.

JUDGE GOMEZ and JUDGE BERNARD concur.